Mr. Justice Smith
delivered the opinion of the court.
This was an action of assumpsit, tried in the circuit court of Lownds county. The suit was brought by the defendants in error, who were copartners in the traffic of beef cattle and hides, upon an open account. The defendant below pleaded in bar of the action, setting out an indebtedness on the part of the plaintiff to the defendant at the time of the commencement of their *282 suit; and filed with his plea, his bill of particulars. To this plea there was a replication, which was held bad upon demurrer, and an issue having been closed to the jury, upon the plea, an exception was taken to a decision of the judge upon testimony offered in support of the plea. This exception presents the first question for the consideration of this court.
The defendant having proved that he furnished by the order of one of the plaintiffs, a Spanish saddle, offered evidence to establish the fact, that the said plaintiff, at the time of ordering the saddle, stated that it was procured for the benefit of his firm. This evidence was ruled out by the court, and improperly, as is contended by the plaintiff in error. On the other hand it is insisted, that this admission or statement of one of the copartners cannot charge the other member of the firm without further proof that he assented to the purchase of the article, or that it was procured for the use and benefit of the concern. The partnership which existed between Linecum and Nash was of a limited character, and if the statement of Nash, here attempted to be proved, had relation to a subject matter not within the scope of the partnership contract, it could not bind the firm of which he was a member. This doctrine is too well settled to require elucidation. The saddle furnished to the order of Nash was not a subject of traffic by the terms of the association between him and Linecum, and cannot be presumed to have been furnished for the use of the concern, in the absence of proof to that effect.
The second question is presented by another bill of exceptions to the opinion of the court. A witness who had been examined in chief by the defendant, who offered him, and who testified to a particular fact, was asked, on the cross examination, whether he had not previously stated that he knew nothing about the matter in controversy between the parties. This question was excepted to by the defendant, and the objection overruled. We conceive the question to have been perfectly proper., If the answer had tended to expose the witness to punishment, or to a criminal charge, he would not have been compelled to answer, and the question should not have been proposed to him. 3 Taunton, 424. But this objection does not lie to the question; for, if the *283 witness had admitted in answer to it, that what he had said on a former occasion to Linecum was false, he would not have by such admission, subjected himself to a criminal prosecution. The question was not excepted to upon that ground, but because it tended to expose and render contemptible the individual to whom it was addressed. Viewed in that light, the question was proper, and should have been answered, according to the apthority in 4 Term Rep. 440.
But the better opinion appears to be, that the witness would not be bound to answer. The People v. Herrick, 13 Johns. Rep. 82; Roscoe on Evidence, 96, and cases there cited. Such a question may legally be propounded to a witness on cross examination, and it rests with him to answer or not as he may determine. Roscoe on Evidence, 96. But we do not- think the question was of a character to render the party infamous, and that it was proper for the purpose of laying a foundation, to impeach his credibility.
The third exception which we shall notice, is taken to the decision of the court, overruling a motion for a new trial. This motion was predicated upon the fact .that the jury took with them to the chamber, whither they retired to consult upon their verdict, a paper containing instructions which were asked by plaintiff’s counsel, but which were refused by the court. But it does not appear from the record, that-this paper was read by the jury, and of consequence, then, it could have had no influence upon their verdict. It is true that an affidavit, which is referred to in the bill of exceptions which was taken to the judgment upon the motion for a new trial, is appended to the record, and states the fact, that the paper above referred to was read by the jury and considered; but this affidavit does not constitute a part of the bill of exceptions, through the medium of which alone could it have been made a part of the record
Repeated decisions of this court, have recognised the general principle that nothing can be made a part of a bill of exceptions by reference. There certainly may be exceptions to this general rule. A case where the reference is made with such an apt ' description of the documents intended to be incorporated in the bill of exceptions, as to leave no possibility of doubt as to its idem- *284 tity, is held to constitute one. But in the present instance, there is nothing to establish the identity of the affidavit appended to this record, and the one referred to in the bill of exceptions. Each bill of exceptions presents a distinct case, and it is upon the facts contained within it, we are to decide. The record shows nothing by which we can test the correctness of the decision upon the motion; it is, therefore, to be regarded as correct.
Judgment affirmed.